IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOANN MCLAUGHLIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:13-cv-01387 ) |
| LVNV FUNDING, LLC, | ) Judge: Sharon Johnson Coleman ) ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant, LVNV Funding, LLC, ("LVNV" or "Defendant") by and through its attorneys, David M. Schultz and Nabil G. Foster with Hinshaw & Culbertson LLP, and in response to Plaintiff's Complaint answers as follows[1]:

## INTRODUCTION

1. Plaintiff Joann McLaughlin brings this action to secure redress from unlawful credit and collection practices engaged in by defendant LVNV Funding, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. and §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

**ANSWER:** **Defendant admits plaintiff filed this lawsuit against Defendant and alleges a violation of the FDCPA, the ICAA and the ICFA, but deny that Plaintiff has a valid claim. Defendant denies any remaining allegations of this paragraph.**

---

[1] LVNV has filed a motion to dismiss Counts II and III and LVNV requests that the time to answer or otherwise plead in response to those counts be continued until resolution of the motion to dismiss. See Fed. R. Civ. P. 12(a)

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

**ANSWER: Defendant admits that this Court generally has jurisdiction over claims arising under 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 15 U.S.C. § 1692, but denies that Plaintiff has any such claim herein. Defendant admits that this Court may have jurisdiction over claims arising under 28 U.S.C. § 1367, but deny that this Court should exercise such supplemental jurisdiction in this case. Defendant denies that Plaintiff has a valid claim for supplemental jurisdiction herein.**

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does or transacts business within this District.

**ANSWER: Defendant denies that it does business within this District. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph; however, Defendant does not contest venue.**

## PARTIES

4. Plaintiff is an individual who resides in the Northern District of Illinois.

**ANSWER: Defendant admits that Plaintiff is an individual. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

5. Defendant LVNV Funding, LLC is a limited liability company organized under the law of Delaware that does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

**ANSWER:** **LVNV admits it is a Delaware limited liability company. LVNV denies that it does business in Illinois. LVNV admits CT Corporation System is its registered agent.**

6. Defendant LVNV Funding, LLC is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

**ANSWER:** **LVNV denies the allegations of this paragraph.**

7. Defendant LVNV Funding, LLC is a debt collector as defined in the FDCPA.

**ANSWER:** **LVNV denies the allegations of this paragraph.**

## FACTS

8. Defendant LVNV Funding, LLC has been attempting to collect from plaintiff an alleged debt consisting of a credit card account, described by defendant as an HSBC Bank account with number ending in 6801.

**ANSWER:** **Defendant admits the Plaintiff owes a debt on an HSBC Bank account ending in 6801. Defendant LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

9. The alleged credit card was used for personal, family or household purposes and not for business purposes.

**ANSWER:** **Defendant LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

10. Prior to October 29, 2012, LVNV Funding, LLC hired Protocol Recovery Service to collect the debt from plaintiff.

**ANSWER:** **Defendant LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

130553691v1 0944839

11. On October 29, 2012, plaintiff, by counsel, notified Protocol Recovery Service that she was represented and that she disputed the debt. A copy of this communication and the fax transmission sheet is attached as Exhibit A.

**ANSWER: Defendant LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

12. Notice to Protocol is notice to LVNV.

**ANSWER: LVNV denies the allegations of this paragraph.**

13. On or about November 26, 2012, Brachfeld Law Group, P.C., sent plaintiff, directly, the letter attached as Exhibit B, seeking to collect the same alleged debt.

**ANSWER: Defendant LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

14. Exhibit B was sent on behalf of LVNV Funding, LLC.

**ANSWER: Defendant LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

15. Exhibit B offered to settle the alleged debt.

**ANSWER: Defendant LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

16. Plaintiff was annoyed at the direct communication.

**ANSWER: Defendant LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

17. LVNV Funding, LLC has engaged in a pattern and practice of contacting represented debtors directly, generally by sending debts to a second collection agency. Some of the numerous other instances include:

a. Maria Galan, Plaintiff, v. United Collection Bureau, Inc., an Ohio corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants, 1:10-cv-05012 (N.D.Il1.).

b. Daniel Thomas, Plaintiff, v. LVNV Funding, LLC and Resurgent Capital Services, L.P., Defendants, Case No. 1:12-cv-09187 (N.D.I11.).

c. Glenna Harper, Plaintiff, v. LVNV Funding, LLC and Resurgent Capital Services, L.P., Defendants, Case No. 1:12-cv-09286 (N.D.I11.).

d. Karen Cousins, Plaintiff, v. LVNV Funding, LLC, Defendant, Case No. 3:12-cv-00689-RL-CAN (N.D.Ind.).

e. Edward Fitzgerald, Plaintiff, v. LVNV Funding, LLC, Defendant, Case No. 1:12-cv-00361-JTM-RBC (N.D.Ind.).

f. Courtney Nzeribe, Plaintiff, v. LVNV Funding, LLC, Defendant.. Case No.: 1:12- cv-09805 (N.D.I11.).

g. Mark Coker, Plaintiff, v. LVNV Funding, LLC, et al., Defendant, Case No.: 1:13- cv- 00299 (N.D.I11.)

h. Essie Balkcom, Plaintiff, v. LVNV Funding, LLC and Resurgent Capital Services, L.P., Defendants, Case No. 1:10-cv-05656 (N.D.I11.).

i. Leticia Alvarez, Plaintiff, v. LVNV Funding, LLC and Richard J. Boudreau & Associates, LLC, Defendants., Case No. 1:10-cv-01045 (N.D.I11.).

j. Flora Martin and Carol Brooks, Plaintiffs, v. LVNV Funding, LLC, Defendant, Case No. 1:07-cv-4414 (N.D. Ill.);

k. Joseph Garza, Plaintiff, v. LVNV Funding, LLC, Defendant, Case No. 1:08-cv-3197 (N.D.I11.);

l. Merry Link, Plaintiff, v. LVNV Funding, LLC and Boudreau, Defendants, Case No. 1:09cv669 (W.D.Mich.).

m. Bonnie Luke, Plaintiff, v. LVNV Funding, LLC and Resurgent Capital Services, L.P., Defendants, Case No. 1:09-cv-00993-LJM-JMS (S.D.Ind.)

n. Leta Marcisz, Plaintiff, v. Leading Edge Recovery Solutions, LLC, an Illinois limited liability company, and LVNV Funding, LLC, a Delaware limited liability company, Defendants, Case 1:09-cv-04844 (N.D.I11.).

o. Phyllis Neal, Plaintiff, v. SIMM Associates, Inc., a Delaware corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants, Case 1:09-cv-04797 (N.D.Ill.).

p. Arthur Brobst, Plaintiff, v. Aegis Receivables Management, Inc., a Delaware corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants, Case 1:09-cv-03718 (N.D.Ill.).

q. Rachel L. Sydnor, Plaintiff, v. Professional Recovery Services, Inc., a New Jersey corporation, Resurgent Capital Services, L.P., a Delaware limited partnership, and LVNV Funding, LLC, a Delaware limited liability company, Defendants, No. 1:09-cv-03297 (N.D.Ill.).

r. Albert Tilton, Plaintiff, v. Weltman, Weinberg & Reis Co., LPA, an Ohio professional corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants, 3:09cv3130-RM-BGC (C.D.Il1.).

s. Leonardo A. Cueto, Plaintiff, v. Allied Interstate Inc., and LVNV Funding, LLC, Defendants, Case 0:09cv60550-WPD (S.D.Fla.).

**ANSWER:** **LVNV denies the allegations of this paragraph, including all subparagraphs.**

## COUNT I — FDCPA

18. Plaintiff incorporates paragraphs 1-17.

**ANSWER:** **LVNV incorporates its responses to paragraphs 1 – 17 as its responses to paragraphs 1 – 17 and 18 of Count I.**

19. Defendant LVNV Funding, LLC violated 15 U.S.C. §1692c by contacting a represented party directly.

**ANSWER:** **LVNV denies the allegations of this paragraph.**

20. Section 1692c provides:

**§ 1692c. Communication in connection with debt collection**

**(a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-**

> **... (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within**

6

**a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .\**

**ANSWER:** **Defendant admits that this paragraph quotes a portion of the FDCPA.**

## COUNT II — ILLINOIS COLLECTION AGENCY ACT

21. Plaintiff incorporates paragraphs 1-17.

**ANSWER:** **LVNV has filed a motion to dismiss this Count of the Complaint; therefore, no response is necessary at this time to the allegations of this Count.**

22. Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

**ANSWER:** **LVNV has filed a motion to dismiss this Count of the Complaint; therefore, no response is necessary at this time to the allegations of this Count.**

23. Defendant violated the following provisions of 225 ILCS 425/9:

**... (30) Communicating or threatening to communicate with a debtor when the debt collector is informed in writing by an attorney that the attorney represents the debtor concerning the claim, unless authorized by the attorney. If the attorney fails to respond within a reasonable period of time, the collector may communicate with the debtor. The collector may communicate with the debtor when the attorney gives his consent. . . .**

**ANSWER:** **LVNV has filed a motion to dismiss this Count of the Complaint; therefore, no response is necessary at this time to the allegations of this Count.**

24. Defendant violated the following provisions of 225 ILCS 425/9.2:

**225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection**

**Sec. 9.2. (a) Without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction, a debt collector or collection agency may not communicate with a debtor in connection with the collection of any debt in any of the following circumstances: . . .**

    **(2) If the debt collector or collection agency knows the debtor is represented by an attorney with respect to such debt and has knowledge of or can readily**

**ascertain, the attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or collection agency or unless the attorney consents to direct communication with the debtor. . . .**

**ANSWER:** **LVNV has filed a motion to dismiss this Count of the Complaint; therefore, no response is necessary at this time to the allegations of this Count**

25. 25. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1" Dist. 1979).

**ANSWER:** **LVNV has filed a motion to dismiss this Count of the Complaint; therefore, no response is necessary at this time to the allegations of this Count**

## COUNT III — CONSUMER FRAUD ACT

26. Plaintiff incorporates paragraphs 1-17.

**ANSWER:** **LVNV has filed a motion to dismiss this Count of the Complaint; therefore, no response is necessary at this time to the allegations of this Count**

27. Defendant engaged in unfair acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by engaging in the pattern of contacting represented consumers described above.

**ANSWER:** **LVNV has filed a motion to dismiss this Count of the Complaint; therefore, no response is necessary at this time to the allegations of this Count**

28. Defendant engaged in such conduct in the course of trade and commerce.

**ANSWER:** **LVNV has filed a motion to dismiss this Count of the Complaint; therefore, no response is necessary at this time to the allegations of this Count**

29. Such conduct is contrary to public policy, as set forth in the FDCPA and ICAA.

**ANSWER:** **LVNV has filed a motion to dismiss this Count of the Complaint; therefore, no response is necessary at this time to the allegations of this Count**

130553691v1 0944839

30. Such conduct is unscrupulous and oppressive.

**ANSWER: LVNV has filed a motion to dismiss this Count of the Complaint; therefore, no response is necessary at this time to the allegations of this Count**

31. Defendant engaged in such conduct for the purpose of obtaining money from plaintiff and others.

**ANSWER: LVNV has filed a motion to dismiss this Count of the Complaint; therefore, no response is necessary at this time to the allegations of this Count**

## AFFIRMATIVE DEFENSES

Defendant, LVNV FUNDING, LLC by and through its undersigned counsel, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

a. Defendant LVNV states that any violation of the Fair Debt Collection Practices Act was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. These procedures and protocols are reasonably adapted to avoid a violation of the Fair Debt Collection Practices Act, such as the one alleged in this case

b. If LVNV is found to be vicariously responsible for the alleged conduct of any other party, LVNV is entitled to rely upon the bona fide error defense of that other party as its own affirmative defense.

c. Plaintiff fails to state a claim, as a matter of law, under the Illinois Collection Agency Act because there is no private right of action for Plaintiff upon which to base a claim under Illinois Collection Agency Act.

d. Plaintiff fails to state a claim under the Illinois Consumer Fraud Act because Plaintiff has no actual damages or economic damages as required under the Act.

e. Plaintiff fails to state a claim under the Illinois Consumer Fraud Act because there are no actual damages or economic damages proximately caused by the conduct alleged in Plaintiff's Complaint as required under the Act.

f. Plaintiff fails to state a claim under the Illinois Consumer Fraud Act because the conduct alleged in Plaintiff's Complaint does not rise to the level of fraud and therefore fails to allege a cause of action of the Illinois Consumer Fraud Act.

130553691v1 0944839

Date: April 19, 2013　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　By: /s/Nabil G. Foster
　　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Defendant

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois  60601-1081
Phone No:  (312) 704-3000
Fax No:     (312) 704-3001
E-mail:dschultz@hinshawlaw.com
　　　　　nfoster@hinshawlaw.com

10

## CERTIFICATE OF SERVICE

  I, Nabil Foster, an attorney, certify that I shall cause to be served a copy of the **ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, before the hour of 4:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this 19th day of April 2013.

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | Daniel A. Edelman |
| ___ | Federal Express | Cathleen M. Combs |
| ___ | Mail | James O. Latturner |
| ___ | Messenger | Tiffany N. Hardy |

               Edelman, Combs, Latturner & Goodwin, LLC
               120 S. LaSalle St.
               18th Floor
               Chicago, IL 60603
               312-739-4200
               312-419-0379 FAX
               e-mail: dedelman@edcombs.com
                   ccombs@edcombs.com
                   jlatturner@edcombs.com
                   thardy@edcombs.com

David M. Schultz
Nabil G. Foster            s/ Nabil G. Foster
Attorneys for Defendant
HINSHAW & CULBERTSON LLP     One of the Attorneys for Defendant
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail dschultz@hinshawlaw.com
    nfoster@hinshawlaw.com

11