**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | ) | |
|---|---|---|
| JOANN MCLAUGHLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13 cv 1387 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| LVNV FUNDING, LLC, and RESURGENT | ) | |
| CAPITAL SERVICES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum Opinion and Order

Plaintiff Joann McLaughlin filed a three count Complaint against LVNV Funding, LLC, and Resurgent Capital Services, L.P., (collectively "defendants") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Illinois Collection Agency Act, 225 Ill. Comp. Stat. 425/1 *et seq*. ("ICAA"), and §2 of the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 505/2 ("ICFA"). Defendants move to dismiss counts II and III for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated herein, the motion is granted.

**Background**

Plaintiff, Joann McLaughlin, maintained an HSBC credit card for personal, family, or household purposes. Defendant, LVNV Funding, LLC, hired Protocol Recovery Service to collect an alleged consumer debt from McLaughlin. On October 29, 2012, counsel for McLaughlin notified Protocol Recovery Service that she has representation and that she disputes the debt. McLaughlin alleges that notice to Protocol Recovery Service of her representation and dispute of the debt is notice to LVNV.

1

McLaughlin also alleges that on or about November 26, 2012, Brachfeld Law Group, P.C., sent McLaughlin a letter on behalf of LVNV (attached as Ex. D to the 1st Amend. Compl., Dkt. #27), seeking to collect the same alleged debt. McLaughlin was annoyed at the direct communication. According to the Complaint, LVNV Funding, LLC, and Resurgent Capital Services L.P., have engaged in a pattern and practice of contacting represented debtors directly by sending debts to a second collection agency.

**Legal Standard**

Defendants bring the instant motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Motions to dismiss test the legal sufficiency of the complaint not the merits of the claims. Federal Rule of Civil Procedure 8(a)(2) sets forth the basic pleading requirement that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8 does not require the plaintiff to plead particularized facts, but the factual allegations in the complaint must be enough to raise a plausible right to relief above the speculative level. *See Arnett v. Webster*, 658 F. 742, 751-52 (7th Cir. 2011). In order to survive dismissal, plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), courts accept all well-pleaded allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (7th Cir. 2004), and draw all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

I.      *Count II*

Defendants move to dismiss Count II, alleging violations of the Illinois Collection Agency Act, 225 Ill. Comp. Stat. 425/1 *et seq*. ("ICAA"), arguing that there is no private right of action provided for in the statute, and that one cannot be implied. Additionally, defendants argue that the ICAA provides no relief for plaintiff and the ICAA did not apply to LVNV prior to January 1, 2013, because until that date the Act only regulated collection agencies.[1]

This Court must first determine whether a private right of action exists under the ICAA before determining whether the ICAA applies to LVNV. There is no private right of action for damages expressly provided for in the ICAA. In section 9, the ICAA provides for enforcement through disciplinary action by the Division of Professional Regulation within the Department of Financial and Professional Regulation ("Department"). *See* 225 Ill. Comp. Stat. 425/9. In section 9.7, the ICAA provides for enforcement by the Attorney General under the Consumer Fraud and Deceptive Business Practices Act. *See* 225 Ill. Comp. Stat. 425/9.7. Section 10 allows consumers to file complaints with the Department for violations of the ICAA by a collection agency. *See* 225 Ill. Comp. Stat. 425/10. Section 10 also provides the procedure the Department follows upon receipt of a consumer complaint. *Id.* The only provision for a private cause of action available to individuals is in section 14a, which states:

> "The Director, the Attorney General, the State's Attorney of any county in the State, or <u>any person may maintain an action in the name of the People of the State of Illinois</u>, and <u>may apply for injunctive relief in any circuit court</u> to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice." (Emphasis added.) 225 Ill. Comp. Stat. 425/14a.

Based on this Court's review of the ICAA, there is no private right of action for damages, such as the one now before the Court, expressly provided for in the Act.

---

[1] On January 1, 2013, 225 Ill. Comp. Stat. 425/8.5 became effective, subjecting debt buyers to the ICAA.

Courts in Illinois will imply a private right of action only where the statute would be ineffective, as a practical matter, unless the court implies such an action. *Metzger v. DaRosa*, 209 Ill.2d 30, 39 (2004). McLaughlin relies on *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979), in support of her argument that this Court should imply a private right of action. In *Sherman*, the Illinois Appellate Court implied a private right of action under the ICAA, in part, because the Act contains no provision for compensating debtors for their injuries and therefore provides little incentive for them to seek enforcement of the Act. *Sherman*, 74 Ill. App. 3d at 29.

Defendants argue that *Sherman* is inapplicable because the ICAA's enforcement provisions have been significantly amended since the 1974 version of the Act at issue in *Sherman*. However, at least one court in this District has followed *Sherman* and implied a private right of action for damages under the ICAA. *See Kim v. Riscuity, Inc.*, 2006 U.S. Dist. LEXIS 56450 (N.D.Ill. Jul. 31, 2006) (Kennelly, J.). This Court acknowledges that *Kim v. Riscuity, Inc.* predates the 2008 amendments to the ICAA applicable in this case. Defendants argue that several judges in the Circuit Court of Cook County more recently have found that no private right of action should be implied under the ICAA.[2]

"Because the Supreme Court of Illinois has not directly addressed whether a private right of action lies under § 9 or any other provision of the ICAA, this court may deviate from *Sherman* only if there are persuasive indications that the [state supreme court] would decide the [issue]

---

[2] Specifically, defendants purport to quote Judge Kathleen Pantle's discussion of the effect of the 2008 amendments to the ICSAA in which she opines that "[Plaintiff] is ignoring the fact that the result of substantial amendments to the ICAA resulted in a comprehensive regulatory scheme which obviates the need for a private right of action. There is no indication that the legislature sought to imply a private right of action when enacting the various amendments, especially since, as discussed further below, the legislature specifically authorized a private right of action in only one instance." (Def.' Reply Br., Dkt. # 34 at p.2). Defendants assert that the quoted language is attached as Exhibit A to their Memorandum in Support of the Motion to Dismiss, yet this Court was unable to find that language at the cited pages or anywhere else in defendants' exhibits.

4

differently. There are no such persuasive indications; to the contrary, the state supreme court, [in *Sawyer Realty Group, Inc. v. Jarvis Corp.*, 89 Ill. 2d 379, 432 N.E.2d 849, 852-53 (1982),] has favorably cited *Sherman's* private right of action analysis." *Grant-Hall v. Cavalry Portfolio Servs.*, LLC, 856 F. Supp. 2d 929, 940 (N.D. Ill. 2012) (internal citations omitted). Accordingly, this Court will imply a private right of action for damages under the ICAA for the reasons articulated in *Sherman*.

The question then becomes whether defendants are subject to the provisions of the ICAA. Defendants argue that they are not subject to the Act because LVNV retained a licensed and regulated entity to engage in collection and LVNV did not contact debtors directly. Defendants assert that LVNV merely purchases debts from other entities and retains third-parties to collect the debt. The alleged activity occurred prior to the January 1, 2013, amendments to the ICAA. Thus, this Court must determine whether LVNV or Resurgent are a "collection agency" or "debt collector" under the 2008 version of the ICAA.

The ICAA defines "collection agency" or "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." 225 Ill. Comp. Stat. 425/2 (2008). An entity acts as a collection agency when it "[b]uys accounts, bills or other indebtedness and engages in collecting the same." 225 Ill. Comp. Stat. 425/3(d) (2008).

On January 1, 2013, the Illinois legislature amended the ICAA to include "debt buyers" for the first time, defining that term as "a person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts or other delinquent consumer debt for collection purposes, whether it collects the debt itself or hires a third-party for collection or an attorney-at-law for litigation in order to collect such debt." 225

5

Ill. Comp. Stat. 425/2. The legislature's decision to expressly include debt buyers in the 2013 amendment strongly suggests that it did not intent to include them previously. *See People v. Hicks,* 119 Ill. 2d 29, 33, 518 N.E.2d 148, 151, 115 Ill. Dec. 623 (1987) ("Absent substantial considerations to the contrary, an amendatory change in the language of a statute creates a presumption that it was intended to change the law as it theretofore existed." (internal quotation marks omitted)). Although there are several cases in this district that applied the ICAA to entities that engaged third-parties to collect debts on their behalf prior to the 2013 amendment, at least one has differentiated those earlier cases based on the amendment to include debt buyers. *See Galvan v. NCO Financial Systems, Inc.*, 2013 U.S. Dist. LEXIS 54528, *11 (N.D. Ill. Apr. 15, 2013).

Here, the specific allegations of conduct by LVNV and Resurgent include filing lawsuits, a letter sent from Brachfeld Law Group, P.C., to McLaughlin to seeking payment on the debt, and hiring Protocol Recovery Service to collect the debt from plaintiff. (1st Am. Compl., Dkt. #27 at ¶¶ 29, 32, 38). Similar to NCO Financial in *Galvan*, where the court held that "the pre-2013 ICAA did not consider a company that simply filed collection lawsuits on debts that it owned to be a collection agency subject to the Act's registration requirements," the allegations that defendants filed numerous lawsuits to collect debts does not subject them to the ICAA. *See Galvan*, 2013 U.S. Dist. LEXIS 54528, at *20-21. Plaintiff's general allegations that defendants are collection agencies without any direct contact with McLaughlin are insufficient to support a claim that they acquire debt and "engage in collecting the same." *See, e.g, Wisniewski v. Asset Acceptance Capital Corp.,* 2009 U.S. Dist. LEXIS 6280 (N.D. Ill. Jan. 29, 2009). In *Wisniewski*, Asset Acceptance Capital Corp. assigned collection of the plaintiff's charged-off consumer debt to its subsidiary Asset Acceptance LLC, who contacted the plaintiff directly by telephone. *Id. at*

6

*3, 10. There is no such direct contact here between McLaughlin and either defendant. Accordingly, this Court dismisses Count II.

II.     *Count III*

Defendants move to dismiss Count III because plaintiff fails to state with sufficient specificity a claim under the Illinois Consumer Fraud Act. McLaughlin alleges that defendants violated §2 of the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 505/2 ("ICFA"), by engaging in the pattern of contacting represented consumers. (1st Am. Compl., Dkt. #27 at ¶ 54.)

Section 2 of the ICFA declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act' [("UDTPA") 815 Ill. Comp. Stat. 510/2]… in the conduct of any trade or commerce… whether any person has in fact been misled, deceived or damaged thereby." 815 Ill. Comp. Stat. 505/2. For an individual to bring a private action under the ICFA, 815 Ill. Comp. Stat. 505/1 et seq., the plaintiff must show that (1) a defendant engaged in a deceptive practice; (2) defendant intended plaintiff to rely on the deception; (3) the deception to place in the course of conducting trade or commerce; and (4) prove that the defendant's deception resulted in damages. *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 588 (7th Cir. 2001).

Here, McLaughlin may not rely on violation of the ICAA as a basis for asserting a violation of the ICFA. The ICAA is not listed among the statutes listed in sections 2E and 2Z of the ICFA, the violation of which constitute violations of the ICFA. *See* 815 Ill. Comp. Stat.

7

505/2E, 2Z. McLaughlin also does not allege any statement or omission by either defendant by which she was actually deceived. Moreover, the ICFA provides remedies for purely economic injuries. *White v. DaimlerChrysler Corp.*, 368 Ill. App. 3d 278, 287, 856 N.E.2d 542, 305 Ill. Dec. 737 (2006); *see also Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 402 (Ill. App. Ct. 1st Dist. 2009). Actual damages must be calculable and "measured by the plaintiff's loss." *Chicago v. Michigan Beach Housing Cooperative*, 297 Ill. App. 3d 317, 326, 696 N.E.2d 804, 231 Ill. Dec. 508 (1998). The failure to allege specific, actual damages precludes a claim brought under the ICFA. *White*, 368 Ill. App. 3d at 287. McLaughlin does not allege any actual damages. Her only alleged damages are annoyance and loss of time. Although McLaughlin requests injunctive relief in Count III, such a remedy is not available to her as a private citizen. 815 Ill. Comp. Stat. 505/7; *Martin v. Eggert*, 174 Ill. App. 3d 71, 123 Ill. Dec. 841, 528 N.E.2d 386 (2 Dist. 1988); *Jones v. Eagle II*, 99 Ill. App. 3d 64, 54 Ill. Dec. 350, 424 N.E.2d 1253 (1 Dist. 1981); *Brooks v. Midas-International Corp.*, 47 Ill. App. 3d 266, 5 Ill. Dec. 492, 361 N.E.2d 815 (1 Dist. 1977). Accordingly, McLaughlin fails to state a claim for violation of the ICFA in Count III.

**Conclusion**

For the reasons stated herein, defendants' Motion to Dismiss Counts II and III for failure to state a claim is granted.

IT IS SO ORDERED.

Date: September 6, 2013　　　　　　　Entered: _____
　　　　　　　　　　　　　　　　　　　　　U.S. District Judge